ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| KEVIN ROLÓN SANTIAGO<br><br>Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Apelado | KLAN202500476 | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2024CV06699<br><br>Sobre: Impugnación de Confiscación |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de julio de 2025.

Comparece Kevin Rolón Santiago (señor Rolón Santiago o el Apelante) y solicita la revocación de la Sentencia emitida y notificada el 21 de marzo de 2025, por el Tribunal de Primera Instancia, Sala de Bayamón, (TPI o foro primario). Mediante la referida Sentencia el foro primario desestimó con perjuicio la demanda de impugnación de confiscación presentada por el señor Rolón Santiago en contra del Estado Libre Asociado de Puerto Rico (ELA o el Apelado) por haberse presentado fuera del término jurisdiccional de treinta (30) días dispuesto en el Artículo 15 de la *Ley Uniforme de Confiscaciones*, Ley 119-2011, 34 LPRA sec. 1724 *et seq.*

Por los fundamentos que expondremos a continuación, se *Revoca* la Sentencia apelada.

**I.**

El 5 de abril de 2024, el ELA ocupó el vehículo de motor marca Jeep modelo Gladiator del año 2020, VIN IC6HJTFG1LL128621, por alegada infracción al Artículo 4 B de la Ley Núm. 253-1995 conocida como "*Ley de Seguro de Responsabilidad Obligatorio para Vehículos de Motor*", 26 LPRA sec. 8051 *et seq.*, y al Artículo 20 de la Ley Núm. 8 de 5 de agosto de 1987,

según enmendada, conocida como "*Ley para la Protección de la Propiedad Vehicular*", 9 LPRA sec. 3201 *et seq.*[1]

A raíz de la ocupación del vehículo, el 7 de mayo de 2024, el Departamento de Justicia expidió *Orden de Confiscación* y el 22 de mayo de 2024 cursó cartas de notificación de la confiscación del vehículo al Apelante, depositadas en el correo el 23 de mayo de 2024.[2] Dichas notificaciones de la confiscación fueron devueltas por el Servicio Postal y recibidas en la Sección de Correo del Departamento de Justicia el 29 de mayo de 2024 y el 4 de junio de ese año.[3]

El 6 de noviembre de 2024, el señor Rolón Santiago presentó Demanda sobre impugnación de confiscación ante el foro primario.[4] En ajustada síntesis, el Apelante alegó que el 5 de abril de 2024 la Policía de Puerto Rico ocupó el vehículo de motor de su propiedad marca JEEP modelo Gladiator del año 2020, VIN IC6HJTFG1LL128621, adquirido recientemente por la cantidad de $31,165.00 y que a la fecha de presentación de la Demanda no había recibido notificación de confiscación por parte del ELA. El señor Rolón Santiago alegó, además, en la Demanda que la ocupación del vehículo fue producto de una intervención ilegal y que la falta de notificación de la confiscación acarreaba la nulidad del proceso. El Secretario de Justicia fue emplazado con copia de la Demanda el 13 de noviembre de 2024.[5]

En respuesta, el 13 de diciembre de 2024, el ELA presentó ante el foro primario *Comparecencia Especial Solicitando la Desestimación de la Demanda por Falta de Jurisdicción* en la que sostuvo que la ocupación del vehículo obedeció a que el 5 de abril de 2024 el vehículo confiscado se utilizó en violación a los Artículos 4B de la Ley Núm. 253, *supra,* al conducirse por la vía pública sin haber adquirido el seguro de responsabilidad obligatorio, y en contravención al Artículo 20 de la Ley Núm. 8, *supra,* consistente en

---

[1] *Véase* página 13 del Apéndice de la *Apelación*.
[2] *Véase* páginas 13-22 del Apéndice de la *Apelación*
[3] *Véase* páginas 22-23 del Apéndice de la *Apelación*
[4] *Véase* páginas1-3 del Apéndice de la *Apelación*.
[5] *Véase* páginas 4-7 del Apéndice de la *Apelación*.

cubrir con una cinta adhesiva el número 3 de la tablilla del vehículo alterando su numeración así como el código de barra y el marbete, sin que el vehículo apareciera registrado en los archivos del Departamento de Transportación y Obras Públicas (DTOP).[6] Asimismo, el ELA alegó que la Demanda fue presentada fuera del término jurisdiccional de treinta días dispuesto en el Artículo 15 de la Ley Uniforme de Confiscaciones de 2011, los cuales comenzaron a decursar a partir del 29 de mayo y 4 de junio de 2024, respectivamente, fechas en las que el Departamento de Justicia recibió las notificaciones devueltas por el Servicio Postal.

El 4 de marzo de 2025, el foro primario notificó *Orden* en la que concedió al Apelante una prórroga de cinco (5) días para presentar su oposición a la solicitud de desestimación, los cuales comenzarían a transcurrir a partir de la fecha en que el ELA notificara su contestación al Interrogatorio y Producción de Documentos cursado por el señor Rolón Santiago.[7]

En lo pertinente, el 20 de marzo de 2025, el ELA presentó ante el foro primario *Moción Informativa en Cumplimiento de Orden* en la que informó que el 21 de febrero de 2025 notificó por correo electrónico la contestación al pliego de interrogatorio.[8]

Mediante Sentencia emitida y notificada el 21 de marzo de 2025, el foro primario desestimó la Demanda de impugnación de confiscación presentada por el Apelante. Concluyó el TPI que el señor Rolón Santiago presentó la Demanda fuera del término jurisdiccional de treinta días dispuesto en el Artículo 15 de la Ley de Confiscaciones de 2011.

En desacuerdo, el 24 de marzo de 2025, el señor Rolón Santiago presentó *Moción de Reconsideración a Sentencia Final Dictada Estando Vigente la Controversia Bajo la Regla 34 de Procedimiento Civil y Moción Para Compeler al Gobierno a Descubrir el Documento Titulado Declaración de*

---

[6] *Véase* páginas 8-12 del Apéndice de la *Apelación.*
[7] *Véase* página 52 del Apéndice de la *Apelación.*
[8] *Véase* páginas 54-55 del Apéndice de la *Apelación.*

*Dirección Postal para Efectos de Notificación de la Confiscación (PPR-309.2).*[9] Allí expuso que el foro primario dictó sentencia desestimando la demanda a pesar de que estaba vigente la controversia en torno al descubrimiento de prueba bajo la Regla 34 de Procedimiento Civil y que el ELA se negó a descubrir el documento PPR-309.2, intitulado *Declaración de Dirección Postal para Efectos de Notificación,* por lo que estaba vigente todavía *Interrogatorio y Producción de Documentos* cursado por el Apelante el 7 de enero de 2025.

Sobre estos extremos, el 24 de marzo de 2025 el foro primario emitió *Orden,* notificada al día siguiente, en la que concedió término de veinte días al ELA para expresarse.[10] Finalmente, el 16 de abril de 2025, el TPI emitió *Orden* en la que concedió al ELA un término perentorio de siete días para reaccionar a la solicitud de reconsideración presentada por el Apelante.[11]

El 23 de abril de 2025, el ELA presentó *Moción en Cumplimiento de Orden y Reiterando la Desestimación de la Demanda por Falta de Jurisdicción.*[12] En igual fecha, el Apelante presentó *Moción Bajo Regla 34 para Compeler al Gobierno a Descubrir el Documento PPR-309.2 Dirección Postal para Efectos de la Notificación de la Confiscación y en Oposición a Moción en Cumplimiento de Orden.*[13]

Mediante *Resolución* de 24 de abril de 2025, notificada al día siguiente, el foro primario declaró *No Ha Lugar* la solicitud de reconsideración presentada por el Apelante y reiteró la Sentencia emitida el 21 de marzo de 2025, que desestimó con perjuicio la Demanda de impugnación de confiscación por falta de jurisdicción.[14]

Inconforme, el Apelante presentó el recurso de epígrafe y señala la comisión de los siguientes errores por parte el foro primario:

**ERRÓ EL TPI AL DESESTIMAR LA DEMANDA SIN VISTA A PESAR DE QUE EXISTE UNA CONTROVERSIA REAL SOBRE SI EL ELA NOTIFICÓ CORRECTAMENTE LA CONFISCACIÓN AL APELANTE.**

---

[9] *Véase* páginas 64-90 del Apéndice de la *Apelación.*
[10] *Véase* página 92 del Apéndice de la *Apelación.*
[11] *Véase* página 93 del Apéndice de la *Apelación.*
[12] *Véase* páginas 94-99 del Apéndice de la *Apelación*
[13] *Véase* página 100-101 del Apéndice de la *Apelación.*
[14] *Véase* página 133 del Apéndice de la *Apelación.*

**ERRÓ EL TPI AL VALIDAR LA NOTIFICACIÓN DE LA CONFISCACIÓN A UNA DIRECCIÓN RURAL CUANDO EL ELA TENÍA LA DIRECCIÓN POSTAL DEL APELANTE.**

**ERRÓ EL TPI AL DICTAR SENTENCIA ESTANDO VIGENTE UNA CONTROVERSIA BAJO LA REGLA 34 DE PROCEDIMIENTO CIVIL EN CUANTO AL DESCUBRIMIENTO DE DOCUMENTOS CRUCIALES PARA EL APELANTE ESTABLECER EL HECHO DE QUE EL ELA TENÍA DISPONIBLE LA DIRECCIÓN POSTAL.**

**ERRÓ EL TPI AL NO COMPELER AL ELA A PRODUCIR EL DOCUMENTO TITULADO DECLARACIÓN DE DIRECCIÓN POSTAL PARA EFECTOS DE LA NOTIFICACIÓN DE LA CONFISCACIÓN.**

Consecuentemente, le concedimos al ELA un término de treinta (30) días para presentar su alegato en oposición mediante *Resolución* dictada el 30 de mayo de 2025. Así las cosas, el 26 de junio de 2025, el ELA instó su *Escrito en Cumplimiento de Resolución*, en virtud del cual expuso que "**en este caso particular, no tenemos objeción a que el caso sea devuelto al foro primario para la continuación de los procedimientos**".[15] Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

La *confiscación* se perfila como el acto que lleva a cabo el Estado de ocupar toda propiedad que haya sido utilizada en la comisión de determinada conducta delictiva. *Universal Insurance Company y otro v. Estado Libre Asociado de Puerto Rico y otros*, Res. 7 de marzo de 2023, 2023 TSPR 24; *Reliable Financial v. ELA,* 197 DPR 289 (2017); *Centeno Rodríguez v. E.L.A.,* 170 DPR 907 (2007); *First Bank v. E.L.A.,* 164 DPR 835 (2005). [L]a confiscación representa una privación de la propiedad que debe satisfacer las garantías mínimas del debido proceso de ley. Además, representa una excepción al mandato constitucional que prohíbe que el Estado tome propiedad privada para fines públicos sin justa compensación. *Universal Insurance Company y otro v. Estado Libre Asociado de Puerto Rico y otros*, supra; *Reliable v. Depto. Justicia y ELA,* 195 DPR 917 (2016); *Coop. Seg.*

---

[15] *Véase* página 14 del *Escrito en Cumplimiento de Resolución.*

*Múlt. v. ELA*, 180 DPR 655 (2011). La potestad gubernamental de apropiarse de bienes relacionados a una actividad ilícita es un procedimiento estatutario que actúa a manera de una sanción adicional a aquella impuesta por razón de la conducta punible que la motiva. *MAPFRE v. ELA,* 188 DPR 517 (2013); *Coop. Seg. Múlt. v. E.L.A.,* supra. Se presume que la confiscación es legal y correcta, independientemente de cualquier procedimiento penal, administrativo u otro procedimiento relacionado a los mismos hechos. Por consiguiente, le corresponde al demandante el peso de la prueba para derrotar dicha presunción. *Universal Insurance Company v. Estado Libre Asociado de Puerto Rico y otros*, supra. Por tanto, el ordenamiento vigente expresamente estatuye un margen de independencia entre la confiscación y los trámites criminales o administrativos que le sean inherentes.

El proceso de confiscación, regido por la Ley Uniforme de Confiscaciones, Ley 119-2011, 34 LPRA sec. 1724 *et seq.,* es uno civil de naturaleza *in rem. Reliable Financial v. ELA,* supra. Por tanto, el mismo se ejecuta contra la cosa misma y no en cuanto a su propietario, poseedor, encargado o persona que respecto a ella ostente algún interés legal. *Doble Seis Sport TV v. Dpto. Hacienda,* 190 DPR 763 (2014); *MAPFRE v. ELA,* supra; *B.B.V. v. E.L.A.*, 180 DPR 681 (2011); *Coop. Seg. Múlt. v. E.L.A,* supra. Lo anterior obedece a que "[l]a confiscación que lleva a cabo el Estado, se basa en la ficción legal de que la cosa es la ofensora Primaria." Exposición de Motivos, Ley 119-2011, *supra*; *Reliable Financial v. ELA,* supra. Para que una confiscación *in rem* o civil sea procedente deben satisfacerse dos (2) requisitos primordiales: 1) debe existir prueba suficiente y preponderante de que se ha cometido un delito y 2) debe demostrarse que existe un nexo entre la comisión del delito y la propiedad confiscada. *Universal Insurance Company y otro v. Estado Libre Asociado de Puerto Rico y otros*, supra; *Figueroa Santiago et als. v. ELA*, 207 DPR 923, 929-30 (2021). Así, "[l]os procedimientos de confiscación civil pueden llevarse a cabo y culminarse antes de que se acuse, se declare culpable o se absuelva al acusado. Incluso, pueden llevarse a cabo aun cuando no se haya presentado algún cargo [...]".

Exposición de Motivos, Ley 119-2011, *supra.* Lo crítico, es que el Estado demuestre que la propiedad confiscada se utilizó en una actividad delictiva. *Universal Insurance Company v. Estado Libre Asociado de Puerto Rico y otros, supra.*

El Tribunal Supremo de Puerto Rico ha reconocido que las disposiciones de la Ley 119-2011, *supra,* pretenden procurar la celeridad de los procesos conducentes a la confiscación de determinada propiedad, ello mediante la implantación de un trámite expedito "con requisitos aplicables tanto al Estado, como a las partes con interés en los bienes confiscados." *Reliable Financial v. ELA,* supra, pág. 298. De este modo, si bien el Gobierno viene llamado a actuar de manera oportuna para validar su actuación, las partes que interesen impugnar un proceso de confiscación igualmente están obligadas a actuar con premura a tal efecto. *Íd.*

En lo pertinente, el estado de derecho impone al Estado el deber de notificar el hecho de una confiscación. Dicha exigencia cumple con el propósito de salvaguardar los derechos de las partes interesadas en la propiedad confiscada, de modo que tengan la oportunidad para presentar sus defensas. *Reliable v. Depto. Justicia y ELA,* 195 DPR 917 (2016). Al respecto, el Artículo 13 de la Ley 119-2011, *supra,* expresamente extiende un plazo jurisdiccional de treinta (30) días siguientes a la fecha de la ocupación física de los bienes de que trate, para que medie la notificación correspondiente vía correo certificado. 34 LPRA sec. 1724j. Por igual, el estatuto establece un término jurisdiccional para incoar las acciones de impugnación de bienes confiscados. En específico, el Artículo 15 del estatuto dispone expresamente lo siguiente:

> Las personas notificadas, según lo dispuesto en este capítulo y que demuestren ser dueños de la propiedad, podrán impugnar la confiscación dentro de los treinta (30) días siguientes a la fecha en que se reciba la notificación, mediante la radicación de una demanda contra el Estado Libre Asociado de Puerto Rico y el funcionario que autorizó la ocupación, debiéndose emplazar al Secretario de Justicia dentro de los quince (15) días siguientes a la fecha en que se presentó la demanda. En aquellos casos que la notificación sea devuelta, los términos indicados comenzarán a computarse desde que la referida notificación sea recibida por el Departamento de Justicia. Estos términos son jurisdiccionales.

8

> Para fines de este capítulo se considerará "dueño" de la propiedad una persona que demuestre tener interés propietario en la propiedad incautada, incluyendo una persona que posea un gravamen sobre dicha propiedad a la fecha de ocupación de la propiedad incautada, o una cesión válida de tal interés propietario.
>
> 34 LPRA sec. 1724l

Sabido es que los términos jurisdiccionales son improrrogables y fatales, por lo que no admiten interrupción ni cumplimiento fuera de los mismos, ello con independencia de las consecuencias procesales que su expiración conlleve. *Rosario Domínguez et als. v. ELA et al.,* 198 DPR 197 (2017); *Martínez, Inc. v. Abijoe Realty Corp.,* 151 DPR 1 (2000). El incumplimiento de un requisito jurisdiccional establecido por ley priva a los tribunales de autoridad sobre el asunto que se pretende traer ante su consideración. *Íd.* Por tanto, "hacer caso omiso a directrices de naturaleza jurisdiccional impide que se pueda atender un escrito fuera de término." *Íd,* pág. 209.

Como corolario, en casos de impugnación de confiscación, el incumplimiento con los términos jurisdiccionales conlleva la desestimación de la correspondiente demanda.

**-B-**

En aras de establecer los procedimientos a seguir por los Miembros del Negociado de la Policía de Puerto Rico (NPPR) para confiscar propiedad de conformidad con la Ley 119-2011, *supra,* el 18 de junio de 2020, el NPPR emitió la Orden General 300-309. Atinente a la controversia ante nos, la parte III, inciso (B)(1)(c) dispone que al ocupar la propiedad sujeta a confiscación:

> c. **El MNPPR obtendrá la dirección física y postal del poseedor legal, dueño o encargado legal de la propiedad ocupada,** además tomará la firma de la persona como constancia que la dirección dada al NPPR es la correcta para ello utilizará el formulario PPR-309.2 "Declaración de Dirección Postal para Notificación".

(Énfasis suplido)

De manera similar, la parte IV, inciso (B)(2) establece que "[e]l MNPR será responsable de obtener la dirección postal y física correcta de la persona intervenida. La misma se escribirá de forma legible en el formulario PPR-3092, PPR. 621.1 y/o PPR-128, así como en la orden de confiscación."

A su vez, la parte III, inciso (B)(3)(b) consagra que, como mínimo, el expediente de confiscación deberá contener los siguientes documentos:

i. Orden de Confiscación original;
ii. Copia PPR-128, titulado: "Inventario Vehículo de Motor" (original) y/o PPR-128 según sea el caso;
iii. Llave del vehículo;
iv. Permiso del vehículo (registración);
v. Título del vehículo (si aplica);
vi. PPR-309.1, titulado: "Expediente de Confiscación de Vehículo de Motor";
vii. PR-309.3, titulado: "Recibo Entrega de Documentos y Certificación Ex parte";
viii. Copia informe PPR-621.1 titulado: "Informe de Incidente";
ix. Copia de la prueba de campo (si aplica);
x. Copia de denuncia y boleta (con o sin causa probable);
xi. Copia Orden de Registro y/o Allanamiento (si aplica);
xii. Hoja Impresa del sistema DAVID Plus y National Crime Information Center; y
xiii. Cualquier otro que aplique.

### III.

En síntesis, el Apelante sostiene que nunca se le notificó la confiscación del vehículo, por lo que el término de treinta (30) días para presentar la demanda de impugnación de confiscación no comenzó a transcurrir. De manera particular, aduce que el ELA envió la notificación de la confiscación a una dirección rural física, no a su dirección postal, por lo cual nunca la recibió.

Por su parte, el ELA destaca que la notificación fue enviada, dentro de término a la dirección que surgía del expediente de confiscación. Enfatiza que el Artículo 13 de la Ley 119-2011, *supra*, únicamente le requiere a la Junta de Confiscaciones remitir la notificación a las direcciones que surgen del referido expediente.

No obstante, reconoce que, de conformidad con la Orden General 300-309, los miembros del NPPR incidieron al no incluir en el expediente de confiscación tanto la dirección postal, como la dirección residencial del señor Rolón Santiago. Es por ello que, ante el hecho de que el Apelante no fue notificado a su dirección postal, ya que no surgía del expediente de confiscación, señaló que no se oponía a que el caso fuera devuelto al foro de instancia para la continuación de los procedimientos.

En vista de que el ELA admitió que el señor Rolón Santiago debió ser notificado a su dirección postal, determinamos revocar la Sentencia apelada.

**IV.**

Por los fundamentos que anteceden, se *Revoca* la Sentencia apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones